UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
RUSSELL C.,                       :
    Plaintiff,                    :
                                  :
v.                                : Civil No. 3:18CV1060(AWT)
                                  :
KILOLO KIJAKAZI,                  :
ACTING COMMISSIONER               :
OF SOCIAL SECURITY,               :
    Defendant.                    :
```

### RULING ON MOTION FOR ATTORNEY'S FEES

For the reasons set forth below, the plaintiff's Motion for Allowance of Attorney's Fees Under 42 U.S.C. § 406(b) is being granted.

The Social Security Administration ("SSA"), in a December 10, 2022 Notice of Award letter, notified the plaintiff that it withheld $37,940.25, or 25 percent of past due benefits awarded, for the payment of attorney's fees. On December 13, 2022, plaintiff's counsel filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Counsel requests $31,190.25 for 35.5 hours of work or the equivalent of a de facto hourly rate of $878.60. Counsel bases his request for an amount equal to 25 percent of past due benefits on a retainer agreement signed by

the plaintiff on June 11, 2018, and then makes a $6,750.00 adjustment for his failure to also file a motion for attorney's fees under the Equal Access to Justice Act ("EAJA").

There is no evidence of fraud or overreaching. The defendant does not challenge either the reasonableness of the request for attorney's fees or its timeliness and seeks a determination as to both.

The motion was timely filed on December 13, 2022, three days after issuance of the Notice of Award letter dated December 10, 2022, and within the 14-day filing period. See Sinkler v. Comm'r of Soc. Sec., 932 F.3d 83, 89, 91 (2d Cir. 2019)(holding that Federal Rule of Civil Procedure 54(d)(2)(B)'s 14-day filing period for attorney's fees (plus a three-day mailing period) applies to Section 406(b) petitions and begins to run when the claimant receives notice of the benefits calculation).

Pursuant to Section 406(b):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner . . . may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

"Most plausibly read . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees

are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct. 1817, 152 L.Ed.2d 996 (2002). When there is a contractual contingency fee arrangement, a court considers the following factors in gauging the reasonableness of a requested award:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht, 535 U.S. at 808, 122 S. Ct. 1817).

With respect to the third factor—whether the award constitutes a "windfall"—courts consider the following factors:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Blizzard v. Astrue, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (quoting Joslyn, 389 F. Supp. 2d at 456-57).

Rodriguez v. Colvin, 318 F. Supp. 3d 653, 657-58 (S.D.N.Y. 2018). "[T]he most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained." Hensley, 461 U.S. at 436.

Here, the contingency agreement was for 25 percent of the total past-due benefits or $37,940.25, counsel's efforts were successful, and "courts within this Circuit have held" that rates "similar" to the de facto rate of $878.60 "are not a windfall . . . ." Vasquez v. Saul, 3:17-cv-00183 (WIG), 2020 WL 4812849, at *2 (D. Conn. Aug. 18, 2020)(finding $791.44 was "not a windfall" and citing cases with higher hourly rates between $1,009.11 and $2,100 that were found to be "reasonable").

Pursuant to Pub. L. No. 99-80, Sec. 3, 99 Stat. 183 (1985), where a plaintiff's counsel receives fees for the same work before a district court under the EAJA and Section § 406(b), plaintiff's counsel "refunds to the claimant the amount of the smaller fee." See also Gisbrecht, 535 U.S. at 789 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (quoting statute)); Wells v. Bowen (Wells I), 855 F.2d 37, 42 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order Attorney Hogg to return the lesser of either that amount or the EAJA award to his clients.").

In this case, the plaintiff's counsel did not request EAJA fees in either civil action. See ECF No. 27 at 5; Card v. Saul, 3:21-cv-0021-AWT (D. Conn.). Courts in this Circuit have found that when, as here, a plaintiff's counsel fails to file a request for EAJA fees, and then subsequently files for Section 406(b) fees, that plaintiff's counsel has harmed the client because the client would have been entitled to the lesser of the two fee awards if both were granted. See Blair v. Colvin, No. 11-cv-404, 2014 WL 3891321, at *1 (N.D.N.Y. Aug. 7, 2014) (consolidating cases and holding that counsel is required to file "a colorable EAJA application" and that failure to do so compels the Court to reduce the Section 406(b) award by the amount that would have been obtained under the EAJA); Gallo v. Astrue, No. 10-CV-1918, 2011 WL 5409619, at *2 (E.D.N.Y. Nov. 8, 2011) ("While an attorney is by no means required to apply for EAJA fees in every case, his failure to do so in certain cases may bear on the reasonableness of any future fee he requests under the SSA. This is because the result obtained for his client may directly suffer when a lawyer seeks only SSA fees when he should have, but did not, apply for EAJA fees. Where an EAJA application would have succeeded, each dollar that would have awarded under the EAJA (up to the amount requested under the SSA) is a dollar the claimant should receive but does not."); Iliceto v. Sec'y of Dep't of Health & Human Servs., No.

83-CV-2160, 1990 WL 186254, at *1 (E.D.N.Y. Nov. 14, 1990) (reducing the Section 406(b) award by the amount of EAJA fees that would likely have been awarded).

Here, the plaintiff's counsel explains that in determining the amount of 406(b) fees to request, he reduced the total possible amount of 406(b) fees, i.e. $37,940.25, by the amount of the EAJA fees that would have been awarded. See Blair, 2014 WL 3891321, at *1; Iliceto, 1990 WL 186254, at *1. The plaintiff's counsel reports spending 35.5 hours of time at the district court level in the first civil action, and notes that the 2018 hourly rate in this region for EAJA fees was roughly $200.00 per hour. See ECF No. 27 at 5. Counsel does not include work performed on the second civil action in his calculation of likely EAJA fees. Assuming the parties would have stipulated to something slightly less than $7,100.00, the plaintiff's counsel estimates that he would have received an EAJA award of $6,750.00[1]. Consequently, counsel requests Section 406(b) fees in the amount of $31,190.25 (i.e., the $37,940.25 minus an assumed EAJA award of $6,750.00), which this court finds reasonable.

Therefore, the Motion for Allowance of Attorney's Fees Under 42 U.S.C. § 406(b)(1) (ECF No. 27) is hereby GRANTED. The court awards counsel $31,190.25.

---

[1] At times, the parties use "$6,700.00" in their submissions, but it is apparent that the correct number is $6,750.00, which is the difference between $37,940.25 and $31,190.25.

It is so ordered.

Dated this 7th day of April 2023, at Hartford, Connecticut.

                                            /s/AWT
                               Alvin W. Thompson
                      United States District Judge